UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELEWOOD TORRES, on behalf of himself and all
others similarly situated,

|  |  |
|---|---|
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **AND** |
| | **DEMAND FOR JURY TRIAL** |

v.

MMS GROUP LLC. d/b/a MMS GROUP,
T.U.C. MANAGEMENT COMPANY, INC.
NEW YORK CITY HOUSING PRESERVATION
AND DEVELOPMENT,
NEW YORK STATE DIVISION OF HOUSING
and COMMUNITY RENEWAL,
HOUSING DEVELOPMENT FUND CORPORATION,
NYSD FORSYTH HOUSING DEVELOPMENT
FUND COMPANY, INC.,
NEW YORK SOCIETY FOR THE DEAF,


Defendants.
------------------------------------------------------------------X

## INTRODUCTION

1.  Plaintiff, ELEWOOD TORRES, on behalf of himself and others similarly situated, by

and through his attorneys, LIEB AT LAW P.C., as and for his complaint against the above-

named Defendants, respectfully alleges as follows:

2.  Plaintiff is a hearing-impaired and legally deaf person who requires sign language, visual

aid and/or vibrations to receive messages typically communicated through sound.

3.  Plaintiff brings this civil rights action against Defendants for discriminating against the

tenants of its buildings located at 174-182 Forsyth Street, New York, NY 10002, Block #00421,

Lot #: 44, 45, 46, and 48 ("174 Premises"); and 184-186 Forsyth Street, New York, NY 10002,

Block #00421, Lot #: 49 and 51 ("184 Premises") (collectively the "Premises") based on their disabilities. Specifically, Defendants failed to design, construct, maintain, operate and manage its buildings to be fully accessible to and independently usable by Plaintiff and other deaf or hearing-impaired individuals. Defendants further failed to accommodate Plaintiffs and those similarly situated, failed to remove architectural barriers and otherwise failed to provide access to housing for individuals with disabilities pursuant to Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and the Fair Housing Act ("FHA").

4.   What make these violations particularly egregious is that the Premises was designated and received funding to provide accessible housing to individuals with hearing disabilities. However, Defendants discriminated and continue to discriminate against Plaintiff, and those similarly situated.

5.   Because of Defendants' continuous violations of the above referenced laws, Plaintiff and those similarly situated have suffered and continue to suffer damages by living in apartments and buildings which are not accessible to individuals with disabilities, including those with hearing impairments.

6.    Plaintiff, and those similarly situated, seek a permanent injunction to enjoin Defendants from continuing to discriminate against individuals with disabilities, remove architectural barriers, and repair the Premises to ensure full accessibility to disabled individuals.

7.   Plaintiff, and those similarly situated, also seek monetary damages in the form of emotional distress, attorneys' fees and punitive damages.

## JURISDICTION AND VENUE

8.   This Court has original subject-matter jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(3) and (4), as this action seeks redress for the violations

of Plaintiffs' civil rights pursuant to applicable federal statutes and regulations.

9.   This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' claims

under the New York State Human Rights Law, N.Y. Exec. Law Article 15, ("NYSHRL") and

New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*., ("NYCHRL").

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2)

because a substantial part of the events or omissions giving rise to the claims, herein, occurred in

the Southern District of New York and the Premises are located in the Southern District of New

York.

## THE PARTIES

11. Plaintiff Elewood Torres, at all relevant times, is a resident of New York, New York.

12. Plaintiff, and those similarly situated, are deaf, hearing-impaired individuals protected

under 42 U.S.C. § 12102(1)-(2) of the American with Disabilities Act and 28 C.F.R. §§ 36.101 et

seq. the NYSHRL and NYCHRL.

13. Defendant MMS Group is and was, at all relevant times, a New York Limited Liability

Company doing Business in the State of New York.

14.  Defendant MMS GROUP manages the Premises.

15. Defendant T.U.C. is and was at all relevant times a New York Corporation doing

Business in the State of New York.

16. Defendant T.U.C. manages the Premises.

17. Defendant NYCHPD is and was at all relevant times a New York public service and government agency in the State of New York.

18. Defendant NYCHPD is an owner of the Premises.

19. Defendant New York State Division of Housing and Community Renewal is and was at all relevant times a New York public service and government agency in the State of New York.

20. Defendant New York State Division of Housing and Community Renewal is an owner of the Premises.

21. Defendant Housing Development Corporation Fund is and was at all relevant times a New York special type of limited equity Housing cooperative in New York.

22. Defendant Housing Development Corporation Fund is an owner of the Premises.

23. NYSD Forsyth Housing Development Fund Company, Inc., is and was at all relevant times a New York Not-For-Profit Corporation in New York.

24. NYSD Forsyth Housing Development Fund Company, Inc., is an owner of the Premises.

25. New York Society For The Deaf, is and was at all relevant times a New York Not-For-Profit Corporation in New York.

26. New York Society for the Deaf is an owner of the Premises.

## STATEMENT OF FACTS

27. Elewood Torres, a legally deaf individual who uses a wheelchair for mobility, has resided at 184 Forsyth since 2000.

28. The barriers that Plaintiff, and those similarly situated have encountered and continue to encounter, include but is not limited to the following:

    a.  The entrances for both 174 Forsyth and 184 Forsyth are not handicap accessible.

        i.  The doors are entirely manual. There is no automatic door or button to open the door.

        ii.  The buzzer doesn't work for someone to be able to buzz a visitor in.

        iii.  Visitors or residents without keys have to wait for someone to let them in.

        iv.  There is no adequate signage at the entrance.

        v.  There are broken tiles at the entrance of the building.

        vi.  There is no video at the entrance. Deaf and hearing-impaired residents and visitors, thus, cannot communicate with any residents through the intercom system.

        vii.  Security guard is only present from 7:00 AM to 7:00 PM at 184 Forsyth and only from 7:00pm to 7:00 AM at 174 Forsyth.

        viii.  The 174 Premises and 184 Premises do not employ a single security staff, security guard, and/or management that is fluent in American Sign Language ("ASL").  Even if they are unable to hire staff who are fluent in ASL, there are additional resources available in the city for ASL fluent people to communicate with those who are not fluent in ASL. Since 2018, New York City Mayor Office for People with Disabilities has worked with the

Department of Information Technology and Telecommunications to implement video technology that allows Deaf or Hard of Hearing Individuals to connect via webcam to an information specialist fluent in ASL from mobile and computer devices. The service is called ASL Direct. ASL Direct was originally developed by the Federal Communications Commission, and is recognized as an effective digital communications tool for individuals who sign. Defendants have not implemented this technology at the Premises.

b.  The elevators in the 174 Premises and 184 Premises are not designed for deaf and hearing-impaired persons to use and operate.

    i.  The emergency alert and alarm systems are auditory. When the elevators malfunction, deaf and hearing-impaired persons are trapped inside without a means to communicate for help and assistance. Technology exists for elevators to be accessible and have emergency alert systems usable by deaf and hearing-impaired persons. These technology systems incorporate a camera and video monitor that allows deaf and hearing-impaired persons to alert and communicate with someone who can assist via video. Defendants have not implemented such technology. Rather, hearing impaired individuals at the Premises could and have been stuck in the elevator without any means to communicate for help or receive instructions from people outside the elevator.

c.  Fire alarm system

    i.  The fire and smoke alarm systems operating at the 174 Premises and 184 Premises are auditory only. The present fire alarm system design will fail to alert/notify deaf and hearing-impaired residents if a fire occurs while they are sleeping. This is literally a life-or-death issue. Plaintiff and similarly situated individuals go to sleep at night anxious about their safety. Technology exists so fire and smoke alarm systems can safely function for deaf and hearing-impaired persons, such as equipping deaf and hearing-impaired persons with devices that can notify them of a fire hazard while they are asleep. Special designs exist for fire and smoke alarms for deaf and hearing-impaired persons that use a special high intensity strobe light that can wake a sleeping person. Vibration notification appliances exist such as pillow or bed shakers if a fire or smoke alarm is triggered. Defendants have failed and continue to fail to implement any of this technology.

d.  Interior Common Areas

    i.  The hallway floors are fraught with holes and severally damaged floors.

    ii.  The stairways are damaged with cracks, broken surfaces, dirty and slippery surfaces.

    iii.  The ceilings at the entrance and hallways have severe water damage.

    iv.  The washing machines/dryers in the laundry room are often out of order.

## CLASS ACTION ALLEGATIONS

29. Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a class under Fed. R. Civ. Pr. 23 including all legally deaf individuals residing/resided at the 174 Premises and the 184 Premises and visitors of the 174 Premises and the 184 Premises who have been denied equal access to the Premises; have been denied accommodations for their disability, and who have, as a result, suffered damages during the relevant statutory period.

30. Common questions of law and fact exist amongst the Class, including:

    a.  Whether Defendants' 174 Premises and 184 Premises constitute "public accommodations" for deaf and hearing-impaired individuals under the ADA;

    b.  Whether Defendants' 174 Premises and 184 Premises constitute "public accommodations" for deaf and hearing-impaired individuals under the New York State Human Rights Law or New York City Human Rights Law;

    c.  Whether Defendants' 174 Premises and 184 Premises denies the full and equal enjoyment of its products, services, facilities, privileges, advantages or accommodations to people with hearing disabilities, violating the ADA; and

    d.  Whether Defendants' 174 Premises and 184 Premises denies the full and equal enjoyment of its products, services facilities, privileges, advantages, or accommodations to people with hearing disabilities, violating the New York State Human Rights Law or New York City Human Rights Law.

    e.  Whether Defendants failed to provide reasonable accommodations/modifications to Plaintiffs and those similarly situated under the applicable statutes.

31. Plaintiff's claims are typical of the Class. The Class, similar to Plaintiff, are severally hearing impaired or otherwise deaf, and claim that Defendants have violated the ADA, NYSHRL

and NYCHRL by failing to update or remove access barriers at its 174 Premises and 184 Premises and/or accommodate Plaintiff and those similarly situated, so either can be accessible to the Class.

32. Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole.

33. Class certification is appropriate under Fed. R. Civ. P.23(b)(3) because factual and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

34. Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits against Defendants by people with hearing disabilities.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE ADA, 42 U.S.C. §12182(b)(A)(iv) *et seq.*
### (Architectural Barriers)

35. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

36. Title 42 USC §12182(a) provides:

No Individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

37. The Subject Premises owned, managed, and operated by the Defendants is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) as it is a public housing facility and accommodation that provides services to the residents and visitors of the facility.

38. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

39. Under Section 302(b)(1) of Title III of the ADA, it is further unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

40. Under Section 302(b)(1) of Title III of the ADA, the term individuals and class of individuals refers to the clients or customers of the covered public accommodation that enters into a contractual, licensing or other arrangement. 42 USC § 12182(b)(1)(A)(iv).

41. Plaintiff, and those similarly situated are individuals with disabilities pursuant to the ADA as they suffer from physical disabilities that substantially limits the major life activity of hearing within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).

42. The acts alleged herein constitute a violation of the equal accessibility provisions of Title III of the ADA, and the regulations promulgated thereunder.

43. As detailed above, numerous discriminatory barriers exist and continue to exist that deny access to individuals who are deaf or who are hard of hearing.

44. As a result, Plaintiff, and those similarly situated, are entitled to monetary damages, including but not limited to compensatory damages for emotional distress, punitive damages and attorneys' fees.

45. Plaintiff and those similarly situated are also entitled to injunctive relief to ensure that the Premises is equally accessible to them.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE ADA, 42 U.S.C. §12182(b)(A)(iv) *et seq.*
### (Failure to Accommodate)

46. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

47. As detailed above, Defendants failed to make modifications to accommodate Plaintiff and those similarly situated.

48. As a result, Plaintiff, and those similarly situated, are entitled to injunctive relief to cure the discrimination, monetary damages, including but not limited to compensatory damages for emotional distress, punitive damages and attorneys' fees.

**THIRD CAUSE OF ACTION**

**VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**
**(Architectural Barriers)**

49. Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

50. N.Y. Exec. Law §296(2)(a) provides:

That it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

51. Defendants' physical locations are located in State of New York and throughout the United States and constitute housing accommodation and public accommodations within the definition of N.Y. Exec. Law § 292(10). Defendants' 174 Premises and 184 Premises are a service, facility, advantage, or privilege of Defendants.

52. Defendants' physical locations are located in the State of New York and throughout the United States and constitute publicly-assisted housing accommodations and public accommodations within the definition of N.Y. Exec. Law § 292(11). Defendants' 174 Premises and 184 Premises are a service, facility, advantage, or privilege of Defendants.

53. Defendants' physical locations are located in State of New York and throughout the United States and constitute multiple dwelling and public accommodations within the definition of N.Y. Exec. Law § 292(12). Defendants' 174 Premises and 184 Premises are a service, facility, advantage, or privilege of Defendants.

54. Defendants are subject to the New York Human Rights Law because it owns and operates its physical locations. Defendants are person(s) within the meaning of N.Y. Exec. Law § 292(1).

55. Defendants are in violation of N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to its 174 Premises and 184 Premises to individuals with disabilities. This inaccessibility denies deaf persons full and equal access to the facilities, services that Defendants make available to the non-disabled public.

56. Under N.Y. Exec. Law § 296(2-a)(d)(3), it is an unlawful discriminatory practice for the owner, lessee, sub-lessee, assignee, or managing agent of publicly-assisted housing accommodations or other person having the right of ownership or possession of or the right to rent or lease such accommodation, in connection with the design and construction of covered multi-family dwellings for first occupancy after March thirteenth, nineteen hundred ninety-one, to fail to design and construct dwellings in accordance with the accessibility requirements of the New York State Uniform Fire Prevention and Building Code, by failing to ensure that: (i) The public use and common use portions of the dwellings are readily accessible to and usable by disabled persons with disabilities; (ii) All the doors are designed in accordance with the New York state uniform fire prevention and building code to allow passage into and within all premises and are sufficiently wide to allow passage by persons in wheelchairs; and (iii) All premises within covered multi-family dwelling units contain an accessible route into and through the dwelling; light switches, electrical outlets, thermostats, and other environmental controls are in accessible locations; there are reinforcements in the bathroom walls to allow later installation of grab bars; and there are usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space, in conformity with the New York State uniform fire prevention and building code.

57. Defendants' actions constitute willful intentional discrimination against the class on the basis of a disability in violation of NYSHRL, N.Y. Exec. Law § 296(2) in that Defendant has:

    a.   Owned, managed, and operated a housing facility/apartment complex that is inaccessible to Plaintiff and deaf class members with knowledge of the discrimination; and/or

    b.   Owned, managed, and operated a housing facility/apartment complex that functions with the goal to provide affordable and equitable housing for deaf persons while it is inaccessible to Plaintiff and deaf class members; and/or

    c.   Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to Plaintiff and deaf class members.

58. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

59. As detailed above, numerous discriminatory barriers exist that deny access to individuals who are deaf or who are hard of hearing.

60. As a result, Plaintiff, and those similarly situated, are entitled to injunctive relief to cure the discrimination, monetary damages, including but not limited to compensatory damages for emotional distress, punitive damages and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW
### (Failure to Accommodate)

61. Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

62. N.Y. Exec. Law 296(a) makes it an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, age, disability, familial status or marital status of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

63. Under N.Y. Exec. Law § 296(2)(c)(i), unlawful discriminatory practices includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations being offered or would result in an undue burden".

64. Under N.Y. Exec. Law § 296(2)(c)(ii), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the

facility, privilege, advantage or accommodation being offered or would result in an undue burden."

65. Under N.Y. Exec. Law § 296(2-a)(d)(2), it is unlawful discriminatory practice for the owner, lessee, sub-lessee, assignee, or managing agent of publicly-assisted housing accommodations or other person having the right of ownership or possession of or the right to rent or lease such accommodations: To refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

66. Readily available, well-established guidelines exist for housing facilities to accommodate disabled individuals, which include deaf and hearing-impaired individuals. These guidelines have been followed by other housing facilities and public accommodations in making their buildings accessible, including but not limited to: employing staff that can fluently communicate in American Sign Language, operating elevators designed to be able to be used by deaf and hearing-impaired persons in emergency situations, and ensuring that fire alarm systems can be effective for those who are deaf and hearing-impaired through alternatives to sound alarms. Incorporating the basic components to make their building accessible would neither fundamentally alter the nature of the Defendants' housing facilities nor result in an undue burden to Defendants.

67. Plaintiff, and those similarly situated, are entitled to injunctive relief to cure the discrimination, compensatory damages, as well as civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for each and every offense.

68. Plaintiff is also entitled to reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

**(discriminate in the terms, conditions or privileges of a publicly-assisted housing accommodations)**

69. Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

70. New York State Execute Law § 196 (2-a) (b) makes it unlawful "to discriminate against any person because of his or her race, creed, color, disability, national origin, sexual orientation, gender identity or expression, military status, age, sex, marital status, lawful source of income or familial status in the terms, conditions or privileges of any publicly-assisted housing accommodations or in the furnishing of facilities or services in connection therewith."

71. As detailed above, Defendants discriminated against Plaintiff, and those similarly situated, in the terms, conditions or privileges of the Premises.

72. Plaintiff, and those similarly situated, are entitled to injunctive relief to cure the discrimination, compensatory damages, as well as civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for each and every offense.

73. Plaintiff is also entitled to reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF THE NYS CIVIL RIGHTS LAW §40- EQUAL RIGHTS IN PLACES OF PUBLIC ACCOMMODATION**

74. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

75. Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

76. Section 40 of New York Civil Rights Law provides:

All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any such place shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof.

77. N.Y. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

78. Defendants' housing facilities are physically located in New York State and are public accommodations within the definition of N.Y. Civil Rights Law § 40.

79. Defendants are subject to New York Civil Rights Law because they own, manage, and or operate the housing facilities in the jurisdiction. Defendants are "persons" within the meaning of N.Y. Civil Rights Law § 40.

80. Defendants have violated and continue to violate  N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to its housing facilities, causing its housing facilities to be inaccessible to the deaf and hearing impaired. The inaccessibility denies deaf residents full and equal access to the facilities and accommodations that Defendants make available to non-disabled persons/public.

81. N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b, or fort-two . . . shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . ."

82. Under NY Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside …"

83. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

84. Plaintiff and those similarly situated are entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines under N.Y. Civil Law § 40 *et seq*. for each and every offense.

## SEVENTH CAUSE OF ACTION

### VIOLATIONS OF THE NYCHRL
### (architectural barriers)

85. Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

86. N.Y.C. Admin Code §8-107(4) provides:

It shall be an unlawful discriminatory practice for any person who is an owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of any person's actual or perceived

disability, directly or indirectly, to refuse, withhold from or deny to such person the full enjoyment and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages services, facilities or privileges of the place or provider of public accommodation; or to represent to any person that any accommodation, advantage, facility, or privilege of any such place or provider of public accommodation is not available when in fact it is available.

87. Defendants' premises are housing accommodations and publicly-assisted housing accommodations within the definition of N.Y.C. Admin. Code § 8-102.

88. Defendants are subject to the NYCHRL because they own, manage, and/or operate the housing accommodations and publicly-assisted housing buildings in the City of New York, making it a person within the meaning of N.Y.C. Admin. Code § 8-102.

89. Defendants are in violation of N.Y.C. Admin Code §8-107(4)(a) in refusing to update and remove barriers to their buildings, causing its buildings to be inaccessible to the deaf. This inaccessibility denies deaf residents and the deaf public full and equal access to the facilities, privileges, and services that Defendants make available to the non-disabled public.

90. Defendants are required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code §8-107(15)(a).

91. Defendants' actions constitute willful intentional discrimination against Plaintiff and those similarly situated on the basis of a disability in violation of the N.Y.C. Admin. Code §8-107(4)(a) and §8-107(15)(a) in that the defendants have:

    a. Owned, managed, and operated a housing facility/apartment complex that is inaccessible to deaf class members with knowledge of the discrimination; and/or

b.   Owned, managed, and operated a housing facility/apartment complex that functions with the goal to provide affordable and equitable housing for deaf persons while it is inaccessible to deaf class members; and/or

c.   Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to deaf class members.

92. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

93. As such, Defendants discriminate and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of its services, facilities, privileges, advantages, accommodations and/or opportunities of its housing facility/apartment complex under §8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practice, Plaintiff and members of the class will continue to suffer irreparable harm.

94. Defendants' actions were and are in violation of the NYCHRL and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

95. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Admin. Code §8-120(8) and §8-126(a) for each offense as well as punitive damages pursuant to §8-502.

96. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### VIOLATIONS OF THE NYCHRL ADMIN CODE §8-107(5)(a) PRACTICES
### (Failure to Accommodate)

97. Plaintiff, on behalf of himself and the New York State Sub-Class Members, repeats and

realleges every allegation of the proceeding paragraphs as if fully set forth herein.

98. New York City Human Right Law Admin Code §8-107(15)(a) provides:

Requirement to make reasonable accommodation to the needs of persons with disabilities, it
is unlawful discriminatory practice for any person prohibited by the provisions of this section
form discriminating on the basis of disability not to provide a reasonable accommodation to
enable a person with a disability to satisfy the essential requisites of a job or enjoy the right
or rights in question provided that the disability is known or should have been known by the
covered entity.

99. New York City Human Rights Law Admin Code §8-107(28)(b) provides:

Public accommodations. It shall be an unlawful discriminatory practice for any person who is
the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or
employee of any place or provider of public accommodation to refuse or otherwise fail to
engage in a cooperative dialogue within a reasonable time with a person who has requested
an accommodation or who the covered entity has notice may require an accommodation
related to disability as provided in subdivision 15 of this section.

100.    Defendants failed to accommodate and/or engage in cooperative dialogue with Plaintiff

and those similarly situated in violation of the NYCHRL.

101.    Defendants' actions were and are in violation of the NYCHRL and therefore Plaintiff

invokes his right to injunctive relief to remedy the discrimination.

102.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines

under N.Y.C. Admin. Code §8-120(8) and §8-126(a) for each offense as well as punitive

damages pursuant to §8-502.

103.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### VIOLATION OF 42 U.S. CODE § 1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS

104.   Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

105.   42 U.S.C. § 1983 provides:

Under every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

106.   Plaintiff, and those similarly situated, were deprived of their civil rights by Defendants failing to afford them equal access to the premises and/or failing to provide them with a reasonable accommodation.

107.   As a result, Plaintiff, and those similarly situated have suffered damages and are entitled to compensatory damages, punitive damages and attorneys' fees.

## TENTH CAUSE OF ACTION

### VIOLATIONS OF THE FAIR HOUSING ACT

108.   Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

109.   42 U.S.C. § 3604 makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the handicap of a) that person; b) a

person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or c) any person associated with that person.

110.    Defendants violated the FHA by failing to provide equal access to the Premises and/or reasonable accommodations to Plaintiff and those similarly situated.

111.    As a result, Plaintiff, and those similarly situated have suffered damages including compensatory damages, punitive damages, and attorneys' fees.

112.    Plaintiff, and those similarly situated are also entitled to injunctive relief to cure Defendants' discrimination.


**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF SECTION 504, REHABILITATION ACT OF 1973**

113.    Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the proceeding paragraphs as if fully set forth herein.

114.    Section 504 of the Rehabilitation Act of 1973 provides that  "no otherwise qualified individual with a disability in the United States as defined in section 7(20) shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency …."

115.    Upon information and belief, Defendants received federal funding for the Premises.

116.    As detailed above, Defendants subjected Plaintiff, and those similarly situated to disability discrimination.

117.    As a result of Defendants' violations, Plaintiff and those similarly situated are entitled to compensatory damages and attorneys' fees.

**INJUNCTIVE RELIEF**

118.    Plaintiff and those similarly situated will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, the NYSHRL, the NYCHRL and the FHA.

119.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant injunctive relief in favor of Plaintiff and those similarly situated, including but not limited to the issuance of an Order to alter Defendants' premises to that they are made readily accessible to, and useable by, all residents and visitors who are deaf or hearing impaired, as required pursuant to the applicable laws.

**DECLARATORY RELIEF**

120.    Plaintiff, on behalf of himself and those similarly situated, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

121.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendants deny, that the Premises contain access barriers denying deaf and hearing-impaired residents and the public the full and equal access to the facilities, services, and accommodations of its housing facilities, which Defendants own, manage, operate, and control, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182  *et seq*. prohibiting discrimination against the deaf.

122.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court grant the following relief:

a)  A declaration that the Defendants' Premises are in violation of the ADA, the NYSHRL, the NYCHRL, and the FHA.

b)  An Order requiring Defendants to repair/ alter the Premises in order to remediate and eliminate all violations of the aforementioned statutes.

c)  An award of monetary damages for compensatory damages, punitive damages and attorneys' fees in the maximum amount permitted by the aforementioned statutes.

d)  Civil penalties in the maximum amount permitted by the aforementioned statutes.

e)  For such other and further relief that this Court deems just, necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: Smithtown, New York
        July 19, 2022

LIEB AT LAW, P.C.

Andrew Lieb, Partner
Co-Lead Counsel
*Attorneys for Plaintiffs*
308 W. Main Street, Suite 100
Smithtown, New York 11787
(646) 216-8009
Andrew@liebatlaw.com

Mordy Yankovich, Partner
Co-Lead Counsel
*Attorneys for Plaintiffs*
308 W. Main Street
Smithtown, New York 11787
646.216.8009
Mordy@liebatlaw.com