UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELEWOOD TORRES,

       Plaintiff(s),

   v.

MMS GROUP, LLC, et al.,

       Defendant(s).

22-CV-6142 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

  Plaintiff's application for Temporary Restraining Order (ECF Docs. 88-89) is DENIED for failure to comply with the Court's Individual Rule 4(h) ("A party must confer with their adversary before making an application for a temporary restraining order unless the requirements of Federal Rule of Civil Procedure 65(b) are met.").

  The Court further determines that, even if Plaintiff had complied with the Court's Individual Rules, a temporary restraining order would be inappropriate in this case. A temporary restraining order "is an extraordinary remedy that will not be granted lightly," *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997), the purpose of which is usually "to preserve an existing situation in *statu[s] quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 842 (2d Cir. 1962) (emphasis added). Here, however, "instead of asking the Court for emergency relief to preserve the status quo, Plaintiff[] seek[s] Court action to alter the status quo . . . ." *Goldstein v. Hochul*, No. 22-CV-8300 (VSB), 2022 WL 20305832, at *2 (S.D.N.Y. Oct. 3, 2022). Plaintiff does not offer any persuasive reasons why granting the wide-ranging relief he seeks, which would effectuate substantial

changes on the status quo, would be appropriate in a temporary restraining order posture. Moreover, this case was filed more than a year ago, on July 19, 2022. *See* ECF Doc. 1. Plaintiff offers no adequate explanation as to why he waited approximately 14 months before seeking the extraordinary relief of a temporary restraining order. *See, e.g.*, *Carter v. Sewell*, No. 23-CV-01139 (JLR) (RWL), 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023) (denying TRO where plaintiff waited "over eight months . . . to move for a temporary restraining order"); *Goldstein*, 2022 WL 20305832, at *2 (denying TRO where plaintiffs had been "on notice for several months about the [challenged] law, and the law had been in effect for a month").

With respect to Plaintiff's Motion for Preliminary Injunction (ECF Docs. 88-89), the parties are ORDERED as follows.

1. By **November 15, 2023**, Defendants shall provide Plaintiff documents or other information related to:

    a. Defendants' newly-implemented visual emergency alert system featuring strobe lights;

    b. Defendants' newly-implemented elevator camera and video monitoring system;

    c. Defendants' anticipated timeline for when vibration notification appliances are to be acquired and implemented; and

    d. Any other recently-implemented or anticipated changes that address the relief sought in Plaintiff's Motion.

2. The parties shall meet and confer in good faith and file a joint status letter on ECF by **November 17, 2023**. The joint letter shall provide the following information in separate paragraphs:

    a. Whether any of the requested relief sought in Plaintiff's Motion for Preliminary Injunction has already been provided by Defendants.

    b. What discovery requests, if any, Defendants seek in order to oppose Plaintiff's Motion for Preliminary Injunction.

    c. A proposed schedule for preliminary injunction briefing.

    d. Proposed dates for a preliminary injunction hearing and whether parties believe live testimony will be necessary.

SO ORDERED.

Dated: November 14, 2023
       New York, New York

_____
DALE E. HO
United States District Judge