**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964

www.garfunkelwild.com

KEVIN G. DONOGHUE
Partner Director
Licensed in NY
Email:
kdonoghue@garfunkelwild.com
Direct Dial: (516) 393-2535

FILE NO.:   17070.0002

February 27, 2025

**By ECF**

The Honorable Dale E. Ho
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Rm. 905
New York, New York 10007

    Re:   *Elewood Torres v. MMS Group LLC et al.*
              Case No. 22 Civ. 6142

Dear Judge Ho:

    We represent Defendants NYSD Forsyth Housing Development Fund Company, Inc. and NYSD Housing Development Fund Company, Inc. (collectively, the "Housing Defendants") in the referenced matter. We write pursuant to Your Honor's Individual Practice Rules to respectfully request leave to file certain parts of the Housing Defendants' anticipated objections to the Report and Recommendation of Magistrate Judge Valerie Figuerdo on Plaintiff's motion for class certification.

    In response to Plaintiff's motion for class certification, we were required to rely upon information that is confidential and protected from public disclosure pursuant to the parties' Confidentiality Stipulation and Protective Order (ECF Document Number 124) and the Health Insurance Portability and Accountability Act of 1996. Specifically, our opposition papers attached Plaintiff's medical records as an exhibit, and our legal arguments referenced his medical records in the legal arguments. We anticipate that we will be referencing these documents and legal arguments in our objections. Additionally, we anticipate that we will be attaching and referencing other medical records that are relevant to our legal arguments but were unavailable when the motion was briefed because Plaintiff initially refused to provide a proper release authorizing the

---

The Honorable Dale Ho
United States District Court, SDNY
February 27, 2025
Page 2

disclosure of his health records.  *See*, ECF Document Number 135.  Because of the protections that apply, we cannot publicly file the motion documents on the Court's electronic system.[1]

While there is a presumption that court documents are accessible to the public, there is a compelling need to seal where medical information is involved.  *See Robinson v. De Niro*, No. 19CV9156LJLKHP, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022).  *See Hand v. New York City Transit Auth.*, No. 11-CV-997 RRM MDG, 2012 WL 3704826, at *6 (E.D.N.Y. Aug. 26, 2012) (sealing document containing sensitive medical information).  To the extent that there is a public interest in being able to view the information related to the opposition papers, the Housing Defendants can file a redacted version of their memorandum of law.[2]

Given the sensitive, protected nature of this information, we respectfully request that the Court grant us leave to file under seal any exhibits that contain Plaintiff's confidential medical health information, and an unredacted copy of the Housing Defendants' supporting memorandum of law.

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

/s/ *Kevin G. Donoghue*

Kevin G. Donoghue

cc:   All Counsel of Record (by ECF)

APPLICATION GRANTED. The Housing Defendants may file any exhibits containing confidential medical information temporarily under seal. Those exhibits shall remain temporarily sealed for 14 days pending a motion for permanent sealing. Any such motion shall be due by March 14, 2025. If no such motion is received by that date, the exhibits shall be unsealed. If any such motion is received, the exhibits shall remain under temporary seal pending the Court's adjudication of the motion.

SO ORDERED.

Dale E. Ho
United States District Judge

Dated: February 28, 2025
New York, New York

---

[1] We emailed Plaintiff's counsel today to ask if he would consent to our request to file certain portions of our objections to the Report and Recommendation under seal because they contain Plaintiff's medical information, and Plaintiff consented.

[2] We note that it would not serve the public interest for Defendants to simply redact the exhibit since they would need to black out the entire page.

**GARFUNKEL WILD, P.C.**

4909-4015-0560v.2