LEWIS BRISBOIS

Stephen G. Rickershauser
140 Broadway, Suite 3100
New York, New York 10005
Stephen.Rickershauser@lewisbrisbois.com
Direct: 212.863.9522

November 6, 2026 File No. 37986.7161

**VIA ECF**
Honorable Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Elewood Torres v. MMS Group et al*
Case No.: 22-cv-6142

Dear Judge Figueredo,

Defendant TUC Management Company, Inc. ("TUC") respectfully submits this letter in furtherance of the requests made in the October 30, 2026 joint letter.[1]

On September 24, 2026, Your Honor issued an order directing, in relevant part:

> The Court held a conference on September 23, 2026, where it became clear that the deadlines set by the Court had not been met and Plaintiff had not requested an extension of those deadlines. The following deadlines now apply and Plaintiff is hereby warned that failure to comply with these deadlines may result in a sanction: All noticed depositions of Plaintiff's witnesses must be completed by October 30, 2026…

As set forth in the October 30, 2026 status letter (ECF No. 229), despite Defendants' repeated efforts to schedule the depositions of noticed class members Lashawnda Armstrong, Alex Graham, and Martha Nunez, those depositions were not completed before the Court's deadline. Defendants took the position that these witnesses should be precluded from testifying and/or they be removed from the class.

Subsequently, on November 5, 2026, Plaintiff's counsel advised that Ms. Nunez is <u>now</u> available for a deposition next week, on November 10, 2026 – eleven days after the deadline set by the Court. As the time to produce witnesses has passed, Defendants are uncertain as to how to

1 The Housing Defendants join in this request.

proceed, and respectfully seek clarification from the Court as to whether the time to complete class depositions has passed and these witnesses are now precluded from testifying and/or removed from the class. Defendants also anticipate that Plaintiff may continue to belatedly provide availability for individual class members on a piecemeal basis after the expiration of the Court's deposition deadline.

The issue is particularly significant because these depositions require coordination of specialized services, including interpreters and other accommodations, resulting in substantial time and expense. Defendants therefore respectfully request guidance from the Court regarding how the parties should proceed with any remaining class member depositions that Plaintiff belatedly seeks to produce, including Ms. Nunez. Defendants further preserve all rights, including to seeking preclusion with regard to witnesses who were not timely produced within the time period set by the Court.

We thank the Court for its time and consideration.

Respectfully,

/s/ *Stephen G. Rickershauser*

Stephen G. Rickershauser of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

SGR

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 12, 2026**

The time to complete class depositions has passed. Any witness for whom Defendants noticed a deposition, who was not deposed prior to October 30, 2026, is precluded from testifying at trial. See Freeman v. Giuliani, No. 24-CV-66563 (LJL), 2025 WL 81370, at *2 (S.D.N.Y. Jan. 13, 2025); Yu Chen v. LW Rest., Inc., No. 10-CV-200 (ARR) (CLP), 2011 WL 3420433, at *21 (E.D.N.Y. Aug. 3, 2011). The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 230.